UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Melissa Kunig | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Adam Ghadiri filed a complaint against Carpet and Linoleum City and Chad Bruce for violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. (First Am. Compl. ("FAC"), Dkt. No. 10.) Plaintiff has filed a motion for summary judgment seeking (1) an order requiring the Defendants to provide and maintain accessible parking at Carpet and Linoelum City, and (2) judgment in favor of Plaintiff for $4,000. (*See generally* Mot., Dkt. No. 38.)

The Court GRANTS Plaintiff's motion for summary judgment. The Court will separately enter a final judgment in this matter. The Court also VACATES the upcoming pretrial conference and trial dates.

## 1. BRIEF BACKGROUND

Plaintiff suffers from severe arthritis, spinal stenosis, neuropathy, and nerve damage. (Decl. of Adam Ghadiri ("Ghadiri Decl."), Dkt. No. 38-5 at ¶ 2.) He has difficulty walking and uses a cane for mobility. (*Id.* at ¶ 3.) He also sometimes uses a walker, wheelchair, or mobility scooter for long distances. (*Id.*) Consequently, Plaintiff requires a parking space that is accommodating with an access aisle to ensure he has enough room to get in and out of his vehicle. (*Id.* at ¶ 11.)

Defendant Chad Bruce owns the real property and business, Carpet and Linoleum City ("CALC"), located at 1204 S. Redondo Ave., Long Beach, CA 90804. (Decl. of Chad Bruce ("Bruce Decl."), Dkt. No. 40-2.) On September 20, 2018, Plaintiff went to CALC to shop for carpeting. (Ghadiri Decl. at ¶ 6; *see also* Reply, Dkt. No. 54 at 2.) But Plaintiff alleges that there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

were no reserved parking spaces for persons with disabilities, no parking spaces with adjacent access aisles, and no signs marking the location of such spaces. (FAC at ¶ 9; *see also* Statement of Undisputed Facts ("SUF"), Dkt. No. 38-2 at ¶ 11.) Plaintiff asserts that this caused him to be "anxious" about parking in Defendants' parking lot because Plaintiff feared "another car would park next to him, preventing him from re-entering his vehicle." (SUF at ¶ 12.) Consequently, Plaintiff was forced to park in a non-disabled parking space a few feet away from CALC, causing Plaintiff "difficulty, discomfort and frustration" and deterring Plaintiff from patronizing CALC again. (*Id.* at ¶ 14, 19-20.)

Defendants contend that CALC's parking lot has always had a van accessible parking space for disabled persons but that, at the time Plaintiff visited CALC, the parking lot was being resurfaced. (Bruce Decl. at ¶ 6; Statement of Disputed Facts ("SDF"), Dkt. No. 40-1 at ¶ 10, 16.) Then, sometime after Plaintiff visited CALC, Defendants had the parking lot resurfaced again. (Bruce Decl. at ¶¶ 7, 11.) Defendants also had the parking lot re-graded and re-painted. (*Id.* at ¶ 7.) The second resurfacing was completed in December 2018. (*Id.* at ¶ 11.)

In March 2019, Defendants had a Certified Access Specialist ("CASp"), Jason James, inspect the parking lot at CALC. (Decl. of Jason James ("James Decl."), Dkt. No. 40-3 at ¶ 7.) Mr. James concluded that all aspects of the parking lot complied with the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG"). (*Id.* at ¶ 9.) But in May 2019, Plaintiff had his own CASp, Janis Kent, inspect CALC's parking lot. (Decl. of Janis Kent ("Kent Decl."), Dkt. No. 54-1 at ¶ 3.) Ms. Kent found that CALC's parking lot didn't fully comply with the ADAAG. (*Id.* at ¶ 5.)

## 2.  LEGAL STANDARD

Summary judgment is appropriate where the record, read in the light most favorable to the nonmoving party, shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). At this stage, the Court must view the facts and draw all reasonable inferences "in the light most favorable" to the non-moving party. *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

## 3.  PRELIMINARY MATTERS

Both sides object to the admissibility of the opposing side's expert declaration.

Plaintiff argues that Defendants' expert declaration is inadmissible because Plaintiff believes it offers improper legal conclusions based on insufficient facts and data. (Plaintiff's Evidentiary Objection, Dkt. No. 54-2 at 2-4.) The Court disagrees. Generally, expert witnesses may not give an opinion on an ultimate issue of law in a case. *See Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004). Experts may, however, give an opinion as to an ultimate issue of fact. *See id.* Defendants' expert—Mr. James—does just that. Mr. James concludes that, based on his measurements of CALC's parking lot, Defendants' property complied with the ADAAG. Given the ADAAG's "objective" and "precise" standards, Mr. James need only compare his own measurements with the ADAAG's prescribed measurements to reach his conclusion. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). Thus, Mr. James' testimony falls far from being the kind of inadmissible legal opinion forbidden by Federal Rule of Evidence 702. *Cf. Martinez v. Davis*, No. CV 05-5684 ABC (JEMx), 2011 WL 486255, at *3 (C.D. Cal. Feb. 4, 2011) (holding expert's opinion that the defendants used "reasonable force under the circumstances" inadmissible under Federal Rule of Evidence 702); *see generally* Fed. R. Evid. 702. Plaintiff's argument about the factual sufficiency of Mr. James' testimony also fails. Though Mr. James' declaration lacks detail, Mr. James does testify that he personally inspected and measured various aspects of CALC's parking lot. (James Decl. at ¶ 7.) Mr. James also offers some of the measurements he collected during his inspection of Defendants' property. (James Decl. at ¶ 8 "The accessible space to the left of the access aisle, along with the access aisle, measure a total of 17 feet . . . .").) So it can't be said that Mr. James' declaration is so factually deficient as to render his opinions inadmissible. Plaintiff's objections are thus overruled.

Defendants argue Plaintiff's expert declaration is inadmissible because Plaintiff failed to timely designate Ms. Kent as an expert. (Defendants' Suppl. Brief, Dkt. No. 62 at 4-5.) This argument, lacking any authority, fails to convince the Court that Plaintiff's expert declaration should be disregarded. Defendants' objection is thus overruled.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

## 4. ANALYSIS

Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, forbids any person who owns or operates a "place of public accommodation" from discriminating based on disability. Congress passed the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination" against the handicapped, 42 U.S.C. § 12101(b)(2), be it "invidious discrimination" or "benign neglect," *see Alexander v. Choate*, 469 U.S. 287, 295 & n.12 (1985).

To succeed on an access-discrimination claim, plaintiffs must show (1) that they are disabled within the meaning of the ADA, (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiffs were denied public accommodation by the defendant because of their disabilities. *See Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). "The third element—whether plaintiffs were denied public accommodations on the basis of disability—is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) citing, *Chapman*, 631 F.3d 939, 945 (9th Cir. 2011). Discrimination is defined as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2), 12182(b)(2)(A)(iv). "Any violation of the ADA necessarily constitutes a violation of [California's] Unruh [Civil Rights] Act," although state statute allows for additional monetary damages. *See id.* at 731 (citing Cal. Civ. Code § 51(f)).

It's apparent to the Court that Ghadiri is disabled within the meaning of the ADA. (*See* Ghadiri Decl. at ¶¶ 2-4, 11.) *See also* 42 U.S.C. § 12102(2)(A) (including within definition of "disability" a physical impairment substantially affecting a major life activity). Defendants don't refute this. (*See* Opp'n at 10.) Defendants also admit that CALC is a place of public accommodation. (*Id.*) The Court's analysis thus focuses on the third element of whether Plaintiff was denied public accommodation by the Defendants because of his disability.

Plaintiff argues there is no material dispute as to whether he was denied public accommodation due to his disability. Specifically, he states that "when he went to [CALC] . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

there was not a single parking space marked or reserved for persons with disabilities." (Reply at 1; *see also* Ghadiri Decl. at ¶¶ 8-10.) Plaintiff further declares that CALC lacked the required signage marking the location of handicap parking spaces, and the required access aisles that accompany such spaces. (Ghadiri Decl. at ¶ 10.) Ghadiri submitted photographs showing CALC's parking lot and a declaration stating that the photographs accurately depict the parking conditions he encountered. (*Id.* at ¶ 15.)

Defendants respond by arguing that CALC has always had a van accessible parking space and that the parking conditions Plaintiff encountered were only the temporary result of Defendants' decision to resurface the parking lot. (Defendants' Suppl. Brief at 5-6.) It's true that "isolated or temporary hindrance[s] to access do[ ] not give rise to a claim under the ADA." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 779 F.3d 1001, 1008 (9th Cir. 2015) (internal quotations and citations omitted). But this carveout is reserved only for those cases concerning "truly *isolated* failures to maintain readily accessible facilities" like, for example, a single "weather-related breakdown of elevator service" at an otherwise ADA compliant building. *See id.* (discussing *Foley v. City of Lafayette, Ind.*, 359 F.3d 925 (7th Cir. 2004) (internal quotations omitted).) Under this standard, Defendants' resurfacing doesn't qualify as a temporary hindrance to access. For starters, Defendants don't provide any evidence regarding how long the resurfacing took. And Defendants only provide one self-serving statement to support their assertion that the parking lot was resurfaced *at all*. (*See* Bruce Decl. at ¶ 7; *see also* Reply at 3 (correctly noting that Defendants haven't identified "the folks who did the resurfacing work, . . . the dates that the work was done, or . . . documentary evidence (such as invoices)" that the lot was actually resurfaced).) But even if the Court were to accept that Defendants were resurfacing the CALC parking lot during Plaintiff's visit, and that this resurfacing was only temporary, Defendants still fail to show that the ADA violations at issue here were truly isolated to that period of resurfacing. To the contrary, Defendants admit that the CALC parking lot remained non-compliant even after the lot was initially resurfaced. (*See* Bruce Decl. at ¶ 7.) So Defendants' temporary hindrance argument fails to create triable issues regarding Plaintiff's ADA claim.

Defendants next argue that Plaintiff wasn't denied a public accommodation due to his disability because Plaintiff didn't really need an accessible parking space. (Defendants' Suppl. Brief at 6.) Defendants cite no supporting authority for this argument. And contrary to Defendants' suggestion about Plaintiff's subjective needs, liability under the ADA is an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

objective inquiry. Indeed, "[a]ny element in a facility that does not meet or exceed the requirements set forth in the [ADAAG]" is considered "a barrier to access". *Chapman*, 631 F.3d at 945. And in any event, Defendants' argument isn't supported by the record. Plaintiff stated in his declaration that he depends on a cane and other devices for mobility, and that this in turn necessitates handicap parking with an access aisle. (*See* Ghadiri Decl. at ¶¶ 1-3.) This is consistent with Plaintiff's deposition statements where Plaintiff again says he depends on a cane and that he sometimes needs van accessible parking. (Opp'n at 15 (quoting excerpts from Plaintiff's deposition).) So this argument similarly fails to defeat summary judgment.

Defendants also make arguments concerning mootness and standing. Defendants assert that Plaintiff's ADA claim is mooted by Defendants' second attempt at resurfacing the CALC parking lot. (Opp'n at 18.) In support, Defendants cite Mr. James' declaration, which concludes that Defendants' property was ADA compliant in all respects as of March 2019. (*See generally* James Decl.) *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) (explaining that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.") But Plaintiff's expert, Ms. Kent, submitted her own declaration concluding that Defendants' property was still noncompliant as of May 2019. (*See generally* Kent Decl.) And unlike Mr. James' declaration, Ms. Kent's declaration is substantiated by an abundance of facts, photographs, and data corroborating her conclusions. (*See* Kent's Factual Findings, Dkt. No. 45-1.) Further, Mr. James' declaration fails to address certain violations alleged in Plaintiff's complaint and described in Ms. Kent's declaration, such as a lack of required signage. (FAC at ¶ 9.) The Court thus finds Defendants' mootness argument unconvincing. The grave disparities in depth and scope between the two declarations also support why the Court finds no genuine dispute as to the merits of Plaintiff's ADA claim. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) (stating that the "mere existence of a scintilla of evidence" in support of the nonmoving party's position will be "insufficient" to create a genuine dispute of material fact).

What about standing? The Court finds Defendants' arguments concerning standing unconvincing, too. In ADA cases, Courts must take a "broad view" of the constitutional standing requirements. *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008) (citing *Trafficante v. Metro. Life. Ins. Co.*, 409 U.S. 205, 209 (1972)). Here, Defendants argue Plaintiff can't meet the injury-in-fact or imminence prongs of the Article III standing test because Plaintiff's injuries were "self-inflicting" and because Plaintiff never intended to return to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | SACV 18-01869 AG (ADSx) | Date | July 15, 2019 |
|---|---|---|---|
| Title | ADAM GHADIRI V. CARPET AND LINOLEUM CITY ET AL. | | |

CALC. (Opp'n at 10-18.) But Plaintiff clearly shows he suffered an injury-in-fact by alleging, and offering evidence to support his claim that, he personally encountered barriers in CALC's parking lot that deterred him from returning to CALC. (*See* Ghadiri Decl. ¶¶ 13, 16-20; *see generally* Kent Decl.) And Plaintiff further proves an intent to return. (Ghadiri Decl. at ¶¶ 16-20.) Indeed, Plaintiff attests that CALC is a convenient place for him to shop for carpets, that he wants to be able to shop there, that he regularly passes by CALC when driving to Los Angeles, and that he wants to visit the store once the violations are removed. (*Id.*) Taken together, this is sufficient to show standing to pursue his ADA claim. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) ("Allegations that a plaintiff has visited a public accommodation on a prior occasion and is currently deterred from visiting that accommodation by accessibility barriers establish that a plaintiff's injury is actual or imminent.")

Finally, the Unruh Civil Rights Act provides that "a violation of the right of any individual under the Americans with Disabilities Act of 1990 shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Because Defendants violated the ADA, the Court finds they have also violated Unruh.

Thus, Plaintiff has carried his burden to show that there are no genuine disputes of material fact and that summary judgment is appropriate.

### 5.  DISPOSITION

The Court GRANTS Plaintiff's motion for summary judgment. Relief shall include $4,000 in statutory damages and an injunction requiring Defendants to make their facilities accessible to the extent required by the ADA. *See* 42 U.S.C. § 12188(a)(2); *see also Chapman*, 631 F.3d at 944 (an ADA plaintiff who establishes standing as to an encountered barrier "may also sue for injunctive relief as to unencountered barriers related to his disability.") The Court will separately enter a final judgment in this matter. The Court also VACATES the upcoming pretrial conference and trial dates.

|   | : | 0 |
|---|---|---|
| Initials of Preparer | mku | |